**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES BOWEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2736-RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant James Bowen's response to this Court's order directing him to show cause why his amended motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 should not be dismissed as untimely. After reviewing and considering movant's response, the Court has determined to dismiss the motion without further proceedings.

**Background**

On July 29, 2016, movant pleaded guilty to production of child pornography, receipt of child pornography, and possession of child pornography. *See U.S. v. James Bowen,* No. 4:16-cr-106-RLW-1 (E.D. Mo. 2016). On October 26, 2016, the Court sentenced movant to serve a total of 200 months in prison. Movant did not appeal.

On January 31, 2019 in movant's criminal case, he filed a motion titled "Motion to Remove Impediment."[1] Therein, he asked the Court to "grant him the ability to proceed without hinderance from the unlawfully applied obstruction to his post-conviction process," and he averred he only recently discovered he had the right to contest certain issues by filing a motion

[1] Movant indicated that he placed the motion in the prison mailing system on January 31, 2019, but it was not received by the Court until March 18, 2019. The Court considers the motion to have been filed on January 31, 2019, the date movant placed it in the prison mailing system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (applying the prison mailbox rule to *pro se* § 2255 motions).

pursuant to § 2255. On October 8, 2019, the Court directed that a *pro se* civil case under 28 U.S.C. § 2255 be opened, with movant's "Motion to Remove Impediment" serving as his *pro se* motion to vacate, set aside, or correct sentence. The Court then directed movant to file an amended motion on the proper form. Movant timely complied, and the Court conducted the preliminary review required by Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts.

As fully explained in the Court's December 5, 2019 order, the Court determined that movant's motion was untimely. Briefly, judgment became final on November 9, 2016, and movant therefore had until not later than November 9, 2017 to seek relief pursuant to 28 U.S.C. § 2255. However, movant filed nothing that could be construed as an attempt to seek relief under § 2255 until, at the earliest, January 31, 2019, the date he indicated he placed the "Motion to Remove Impediment" in the prison mailing system. Accordingly, the Court directed movant to show cause why his motion should not be dismissed.

In the response now before the Court, movant claims there existed a "governmentally-imposed impediment, affecting his case, which he believes to be the type of impediment contemplated by 28 U.S.C. § 2255(f)(2)." (ECF No. 7 at 2). He also claims entitlement to equitable tolling.

In support, movant contends he was not given the right to challenge his conviction or sentence in a § 2255 motion "because his plea agreement waived his § 2255 remedies." *Id.* at 1. Movant repeatedly asserts he was suicidal, and therefore psychologically incapacitated, "during the time he was required to participate in the initial stages of his defense" and when he entered into his guilty plea agreement. *Id.* at 1-2. He contends that the government knew of his condition, but acted with his defense counsel to "extort" his cooperation. *Id.* at 2. He states he has suffered

from mental illness since the time of his service in the Vietnam war, that the "severity of ailments [has] precluded him from seeking review of these issues sooner," and that "this late notice of claims is the best he can do." *Id.* at 3. Movant contends that "[d]efense counsel and the government knew, or should have known, of his serious debilitating conditions. Yet, his weakened state was capitalized upon by requiring him to enter into a contract with the United States which defies the type of proper process expressed by the constitution." *Id.*

Movant's response contains a section titled "Conclusion." *Id.* at 3. Therein, he states he has:

> shown there exists a governmentally induce impediment which has led him to believe he could not raise any issues on a post-conviction 2255 motion, just like his waiver of his direct appeal. While it is clear he may raise IAG and prosecutorial misconduct, or illegal sentencing claims – he believed he could not notify the court of his mental illness or of his many newly discovered medical records which evince his handicapped condition and status.

*Id.* He asks the Court to give him the chance to litigate his § 2255 motion "because there was no intelligent plea waiver and the government erred in imposing the impediment." *Id.*

Attached to the response are medical records documenting mental health evaluations and treatment movant received in February and March of 2016, following his arrest for the above-described offenses.[2] The records document that movant reported he intended to commit suicide to avoid going to prison. On March 2, 2016, Dr. Daniel Loiterstein opined that movant was at high risk for suicide "associated with legal problems," but was fit for confinement. *Id.* at 33.

**Discussion**

Movant contends his motion should be deemed timely under 28 U.S.C. § 2255(f)(2), which allows filing within one year of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

---

[2] Some of these records have a date stamp indicating they were printed in December of 2018, but it is clear that all of the records document treatment in February and March of 2016.

removed, if the movant was prevented from making a motion by such governmental action." However, the governmental action movant points to is related to his criminal proceedings and his guilty plea, all of which necessarily occurred prior to the commencement of the limitations period. Movant does not explain how such governmental action had any bearing on his ability to file a § 2255 motion, nor does he allege that any governmental action occurred following judgment and prevented him from timely filing a § 2255 motion. In sum, movant identifies no causal connection between governmental action and his inability to file a timely motion, nor is any such connection apparent. Accordingly, there is no basis for the Court to conclude that governmental action prevented movant from timely filing the instant motion, and it therefore cannot be deemed timely under 28 U.S.C. § 2255(f)(2).

Movant also claims entitlement to application of the doctrine of equitable tolling. He asserts he has long suffered from mental illness, and that the "severity of ailments [has] precluded him from seeking review of these issues sooner." (ECF No. 7 at 3). Equitable tolling can apply to the one-year statute of limitations for a motion to vacate under 28 U.S.C. § 2255, and excuse a late filing "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin,* 408 F.3d 1089, 1092-93 (8th Cir. 2005) (citations omitted). However, equitable tolling should only apply where the movant has demonstrated that he has been pursuing his rights diligently. *See id.* at 1095 (citation omitted). Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In the case at bar, movant makes no attempt to demonstrate that he was diligently pursuing his rights. Even assuming that he could so establish, he could not demonstrate entitlement to equitable tolling on the basis of mental infirmity. Movant provides psychiatric records documenting his mental condition in early 2016, before the commencement of the limitations period. Movant does not explain, nor is it apparent, how that mental condition affected his ability to file a timely motion. Additionally, while movant claims the "severity of ailments [has] precluded him from seeking review of these issues sooner" (ECF No. 7 at 3), he makes no attempt to identify any particular ailment or explain how it affected his ability to file a timely motion. Movant also makes no attempt to identify a time his mental condition improved to such a degree that he understood he could file the instant motion. Movant's conclusory assertion of an unspecified ailment that had an unspecified effect on his ability to file a timely motion does not permit this Court to conclude that this is one of the rare circumstances in which the extraordinary remedy of equitable tolling is appropriate.

Having determined that the motion was untimely filed, and having considered movant's response, the Court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing

*Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant James Bowen's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 12th day of May, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE